UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

SHAWNTE ANNE LEVY,
*Prisoner Identification No. 416-369*,

    Plaintiff,

v.

SHEILAH DAVENPORT,
STEVE MASON and
MUHAMMED AJANAH,

    Defendants.

Civil Action No. TDC-15-2926

## MEMORANDUM OPINION

Self-represented Plaintiff Shawnte Anne Levy, currently confined in the Special Needs Psychiatric Care Unit of North Branch Correctional Institution in Cumberland, Maryland, has filed suit under 42 U.S.C. § 1983 against Defendants Sheilah Davenport, Steve Mason, and Muhammed Ajanah, alleging violations of the Eighth Amendment to the United States Constitution and the Americans with Disabilities Act ("ADA"), 24 U.S.C. §§ 12101-12213 (2012). Pending before the Court is Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. No hearing is necessary to resolve the issues. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion is GRANTED.

### BACKGROUND

The following facts are presented in the light most favorable to Levy, the nonmoving party:

I.  **Levy's Psychiatric Treatment**

According to Defendants, Levy was committed to Clifton T. Perkins Hospital Center ("CTPHC"), a psychiatric hospital administered by Maryland's Department of Health and Mental Hygiene, in 1984 after being found "what was then termed 'Not Guilty by Reason of Insanity'" for various crimes. Defs.' Correspondence ¶ 4. She was later conditionally released from CTPHC. In 1997, a court adjudicated Levy not criminally responsible for a murder she committed while on release and returned Levy to CTPHC.

Levy, who was born biologically male, alleges that doctors at CTPHC diagnosed her with paraphilia not otherwise specified, transvestic fetishism, gender identity disorder, polysubstance dependence, and anti-social personality disorder. She claims that between January and November of 2010, Defendants ignored her repeated requests for treatment for gender identity disorder and auditory hallucinations. In March 2010, at a "clinical individual case conference" that Levy was not permitted to attend, Davenport, CTPHC's Chief Executive Officer, and Ajanah, its Clinical Director, "oversaw" the decision to discontinue Levy's prescription for Risperdal, a psychiatric medication. Compl. ¶ 10. In June 2010, Levy complained of "psychological problems" to a CTPHC clinical social worker. Compl. ¶ 13. He responded that her body was just adjusting to the absence of medication. Also in June, Levy began consuming the excrement and urine of her friend and fellow CTPHC patient, Susan Sachs. Levy hoped that ingesting Sachs's excrement and urine would help Levy become biologically female. Levy consumed the excrement and urine within view of the security cameras on the maximum security ward, where both she and Sachs were housed.

In August 2010, doctors placed Levy on lithium, a different psychiatric medication. She claims that she had not been "evaluated" for this drug and that CTPHC staff continued to ignore

her requests for treatment for auditory hallucinations and gender identity disorder. Compl. ¶ 17. Also in August, Davenport and Ajanah transferred Levy and Sachs to the medium security ward. There, Levy continued consuming Sachs's urine and excrement within view of security cameras. Mason, who was CTPHC's Chief Operations Officer and was responsible for security at the facility, "failed to review [the] security camera's operation procedure," which allowed Levy and Sachs "to be a danger to themselves and others." Compl. ¶ 15.

In September 2010, Levy was charged with murdering Sachs. Levy alleges that at some point Davenport, Ajanah, and Mason fabricated portions of her medical records to conceal the inadequate treatment she received at CTPHC. On February 1, 2012, a Maryland circuit court deemed her competent to stand trial.[1] She was convicted in 2013 and sentenced to life imprisonment.

## II. Procedural History

On September 24, 2015, Levy filed the Complaint initiating this case. The Complaint asserts that Defendants' failure to accommodate her mental disability violated Title II of the ADA and that their deliberate indifference to her medical needs violated her Eighth Amendment right to be free from cruel and unusual punishment. The Complaint seeks a declaratory judgment and $50,000 in damages. The Complaint also named Sachs as a co-plaintiff. In a previous Order, the Court ruled that Levy could not assert claims on Sachs's behalf.

---

[1] The Court takes judicial notice of the circuit court docket pursuant to Federal Rule of Evidence 201(b)(2).

On January 19, 2016, Defendants filed their Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. On February 24, 2016, Levy submitted a Response to the Motion.[2] On March 14, 2016, Defendants filed a Reply memorandum.

## DISCUSSION

In their Motion, Defendants seek dismissal or summary judgment on the grounds that Levy's claims are time-barred, that she cannot sue Defendants under Title II of the ADA, and that she has failed to state a claim for violations of the ADA or Eighth Amendment. Because the Court finds that Levy's claims are barred by the statute of limitations, it does not reach Defendants' remaining arguments.

### I. Legal Standard

Defendants' statute of limitations argument does not rely upon facts outside the Complaint, so it is properly considered as the subject of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The

---

[2] Levy attached to her Response a document titled "Request for Permission to Address the Court." The Request argues that the Maryland State Attorney General's Office has exercised "powerful influence and deliberate indifference against the plaintiff" and that it has "insulated" Defendants from their violations of Levy's rights. Request for Permission at 2. She argues that the Court should order the Attorney General's Office to "recuse" itself from this case. *Id.* Levy does not identify, and the record does not contain, any evidence to suggest that counsel for Defendants has engaged in any improper conduct. Levy's request is denied.

Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). Claims may be dismissed as time-barred on a Rule 12(b)(6) motion only if "the time bar is apparent on the face of the complaint." *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005).

## II. Statute of Limitations

Defendants argue that, because Levy filed this suit more than three years after all of the events described in the Complaint occurred, her 42 U.S.C. § 1983 and ADA claims are time-barred. Neither § 1983 nor the ADA contain their own statute of limitations, so courts must import a statute of limitations from the most analogous state law cause of action. *Owens v. Baltimore City State's Atty's Off.*, 767 F.3d 379, 388 (4th Cir. 2014) (§ 1983); *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 347 (4th Cir. 2011) (ADA). All of the events in this case occurred in Maryland. Consequently, Maryland's three-year statute of limitations for civil actions, Md. Code Ann., Cts. & Jud. Proc. § 5-101 (2013), applies to both of Levy's claims. *Owens*, 767 F.3d at 388 (§ 1983); *Jeandron v. Bd. of Regents of Univ. Sys. of Md.*, 510 F. App'x 223, 226 (4th Cir. 2013) (ADA); *Innes v. Bd. of Regents of Univ. Sys. of Md.*, 29 F. Supp. 3d 566, 572 (D. Md. 2014) (ADA). Although state law provides the limitations period for Levy's claims, federal law controls when those claims accrue. *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995). Under federal law, a "cause of action accrues either when the plaintiff has knowledge of his claim or when he is put on notice—e.g., by the knowledge of the fact of injury and who caused it—to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim." *Id.*

Levy alleges that Defendants' violated the ADA and the Eighth Amendment by providing inadequate medical care, which, in turn, caused her to murder Sachs. The Complaint demonstrates that Levy was aware of the alleged deficiencies in her treatment at the time they occurred because she made repeated complaints to CTPHC staff about her treatment in the months preceding the September 2010 murder. Levy's Response does not contend that she was ignorant of her injuries or Defendants' alleged roles in causing them. In addition, on February 1, 2012, a Maryland circuit court determined that Levy was competent to stand trial for murder, see Md. Code Ann., Crim. Proc. § 3-109(a) (2008), indicating that the statute of limitations was not tolled. See Md. Code Ann., Cts. & Jud. Proc., § 5-201(a) (providing that the statute of limitations for civil actions is tolled while the prospective plaintiff is mentally incompetent); Doe v. Maskell, 679 A.2d 1087, 1093 (Md. 1996) (holding that § 5-201(a) only tolls the statute of limitations for individuals who are "insane and unable to manage [their] business affairs or estate, or to comprehend [their] legal rights or liabilities") (internal quotation marks omitted); McDonald v. Boslow, 363 F. Supp. 493, 496 (D. Md. 1973) (holding that a plaintiff's commitment to a state psychiatric hospital was not sufficient grounds to toll the statute of limitations). Therefore, Levy's claims accrued when she murdered Sachs in September 2010, more than five years before she filed suit. It is clear from the face of the Complaint that Levy's claims are time-barred and must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment is GRANTED. A separate Order shall issue.

Date: August 1, 2016

THEODORE D. CHUANG
United States District Judge